UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EARL SOLIE, | )<br>)<br>) |
| Plaintiff, | )  No.<br>) |
| v. | )  NOTICE OF REMOVAL<br>) |
| FAEGRE & BENSON, LLP; and | )<br>) |
| LYNN SARKO, | )<br>) |
| Defendants. | ) |

TO: Clerk, United States District Court for the Western District of Washington;

AND TO: Plaintiff Earl Solie.

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Faegre & Benson and Lynn Sarko (collectively "Defendants") hereby remove the captioned cause, originally filed in Superior Court of the State of Washington in and for Pierce County, to United States District Court for the Western District of Washington at Tacoma, which has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b) and pursuant to the order of the United States District Court for the District of Alaska, which has retained exclusive jurisdiction over all matters pertaining to *In re: the Exxon Valdez* (*Exxon Valdez*), Case No. 3:89-cv-00095-HRH (Consolidated).

NOTICE OF REMOVAL
Page - 1

LAW OFFICES OF
DAVIS WRIGHT TREMAINE LLP
1201 THIRD AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-3045
TELEPHONE (206) 622-3150
FACSIMILE (206) 757-7700

Case 3:09-cv-00207-HRH   Document 1   Filed 10/13/09   Page 1 of 12
DWT 13104539v2 0027510-000001

1. On July 2, 2009, Plaintiff Earl Solie filed this action in the Superior Court for the State of Washington in and for Pierce County under Case No. 09-2-10839-6. This notice of removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of service of the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of the complete state court record is attached hereto as Exhibit A.

2. The Complaint alleges that Defendants have refused to provide Plaintiff with a "clarification of funds" dispersed under Salmon Permit No. SO3H62161R and Defendants have not provided Plaintiff with sufficient compensation. The Complaint's allegations arise from distributions made under a distibution plan, as set forth by The Hon. H. Russel Holland, which resolved claims alleged in *Exxon Valdez*. In *Exxon Valdez*, Judge Holland vested exclusive jurisdiction over "all disputes relating to . . . payments made under [the] distribution plan" to United States District Court for the District of Alaska. Final Order Approving Plan of Distribution of Recoveries Obtained on Behalf of Upper Cook Inlet Salmon Drift Net Claimants (S03H) in Litigation Arising from the Exxon Valdez Oil Spill Approving Plan of Distribution of Recoveries Obtained on Behalf of Upper Cook Inlet Salmon Drift Net Claimants (S03H) in Litigation from the *Exxon Valdez* Oil Spill at 9, n.21, *Exxon Valdez*, Case No. 3:89-cv-00095-HRH (Consolidated) (D. Alaska Sept. 14, 1998), at Clerk Docket No. 7207 (the "Order"). This order is proper and subject to 28 U.S.C. § 1367(a), which grants "district courts . . . supplemental jurisdiction over all other claims that . . . form part of the same case or controversy" as an action properly pending in federal court. 28 U.S.C. § 1367(a).

3. This action may be removed to this Court pursuant to the Order, 28 U.S.C. § 1367(a), and 28 U.S.C. § 1441(b) because Plaintiff's only claim is a challenge to the validity of

NOTICE OF REMOVAL
Page - 2

LAW OFFICES OF
DAVIS WRIGHT TREMAINE LLP
1201 THIRD AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-3045
(206) 622-3150
FACSIMILE (206) 757-7700

Case 3:09-cv-00207-HRH   Document 1   Filed 10/13/09   Page 2 of 12
DWT 13104539v2 0027510-000001

the Order's plan to distribute funds and any distribution to Plaintiff under the Order is part of the same case or controversy as *Exxon Valdez*.

4. Removal is proper to the United States District Court for the Western District of Washington at Tacoma because the district and division embrace Pierce County, Washington.

5. Any state law claims asserted in or implied from Plaintiff's Complaint relate to and arise from the same nucleus of operative facts as the federal questions. The state law claims do not raise novel or complex state law issues, and do not substantially predominate over the federal claims. Accordingly, pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), this Court has supplemental jurisdiction to hear and decide all claims asserted by Plaintiff in the Complaint. Further, the Order vested jursidiction for "*all* disputes" arising from the *Exxon Valdez* distribution plan to the United States District Court for the District of Alaska.

6. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the United States District Court for the Western District of Washington at Tacoma.

WHEREFORE, Defendants respectfully give notice that the above-entitled action is removed from Pierce County Superior Court to the United States District Court for the Western District of Washington at Tacoma.

NOTICE OF REMOVAL
Page - 3

LAW OFFICES OF
DAVIS WRIGHT TREMAINE LLP
1201 THIRD AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-3045
TELEPHONE: (206) 622-3150
FAX: (206) 757-7700

DWT 13104539v2 0027510-000001

Case 3:09-cv-00207-HRH   Document 1   Filed 10/13/09   Page 3 of 12

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | DATED this 16th day of July, 2009. |

                                      Davis Wright Tremaine LLP
Attorneys for Defendants Faegre & Benson, LLP and Lynn Sarko

By */s/Matthew S. Sullivan*
    David Tarshes, WSBA #13658
    Matt Sullivan, WSBA #40873
    Suite 2200
    1201 Third Avenue
    Seattle, Washington 98101-3045
    Telephone: (206) 757-8257
    Fax: (206) 757-7257
    E-mail: davidtarshes@dwt.com
    E-mail: matthewsullivan@dwt.com

NOTICE OF REMOVAL
Page - 4

LAW OFFICES OF
DAVIS WRIGHT TREMAINE LLP
1201 THIRD AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-3045
TELEPHONE: (206) 622-3150
FAX: (206) 757-7700

DWT 13104539v2 0027510-000001

Case 3:09-cv-00207-HRH   Document 1   Filed 10/13/09   Page 4 of 12

# CERTIFICATE OF SERVICE

I declare under penalty of perjury that on this day I caused a copy of the foregoing Notice of Removal to be served upon the following:

| | | |
|---|---|---|
| Earl Solie<br>6427 Motor Avenue SW<br>Lakewood, WA 98499 | (X)<br>( )<br>( )<br>( ) | By U. S. Mail<br>By Federal Express<br>By Facsimile<br>By Messenger |
| Lynn Sarko<br>Keller Rohrback<br>P.O. Box 21945<br>Seattle, WA 98111 | (X)<br>( )<br>( )<br>( ) | By U. S. Mail<br>By Federal Express<br>By Facsimile<br>By Messenger |
| Faegre & Benson<br>2200 Wells Fargo Center<br>Minneapolis, MN 55402 | (X)<br>( )<br>( )<br>( ) | By U. S. Mail<br>By Federal Express<br>By Facsimile<br>By Messenger |

Dated at Seattle, Washington this 16th day of July, 2009.

_____
Christine Kruger

NOTICE OF REMOVAL
Page - 5

LAW OFFICES OF
DAVIS WRIGHT TREMAINE LLP
1201 THIRD AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-3045
TELEPHONE: (206) 622-3150
FACSIMILE: (206) 757-7700

Case 3:09-cv-00207-HRH   Document 1   Filed 10/13/09   Page 5 of 12
DWT 13104539v2 0027510-000001

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

July 02 2009 2:29 PM

KEVIN STOCK
COUNTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR PIERCE COUNTY

| | |
|---|---|
| EARL SOLIE<br><br>                         Plaintiff<br><br>Faegre & Benson, LLP; and<br>Lynn Sarko<br>                      Defendants. | No. 09-2-10839-6<br><br>ORDER ASSIGNING CASE TO DEPARTMENT AND SETTING HEARING DATE(PCLR1/PCLR40)<br><br>Judge:         K. A. van Doorninck<br>Department:  20<br>Docket Code:  **ORACD** |

**Notice to Plaintiff/Petitioner:**
* Case filed, then served: Plaintiff/Petitioner shall serve a copy of this Order Assigning Case to Department on the Defendant(s)/Respondent along with a copy of the Summons and Complaint.
* Case served, then filed: Plaintiff/Petitioner shall serve a copy of this Order Assigning Case to Department within five (5) court days of filing.
* Service by publication pursuant to court order: Plaintiff/Petitioner shall serve a copy of this Order Assigning Case to Department within five (5) court days of the Defendant/Respondent's first response or appearance.

**Trial Date:**
A trial date may be obtained by filing a 'Note of Issue' for assignment of a trial date by noon at least six (6) court days prior to the date fixed for the mandatory hearing date set out below.

> If a trial date is NOT obtained, failure to appear on the date below may result in dismissal of the case by the Court. Further, if the case has been fully resolved and all final papers have been entered by the Court, no appearance is required.
> **Mandatory Hearing Date: Friday, October 23, 2009 9:00 AM**
> At the time of this mandatory hearing, the Court may provide you with a Case Schedule which may include the trial date, if necessary. Failure to appear on this date may result in dismissal of the case by the Court.

**Cases Agreed or by Default:**
If you settle your case by entry of an order of default or agreement and all of the appropriate time requirements have been met, you may file a 'Note for Commissioner's Calendar to appear before a Court Commissioner for entry of all final papers unless presentation is allowed in the Commissioner's Ex Parte Department.

Dated:     July 2, 2009

Department 20

Pierce County Superior Court: County-City Building, 930 Tacoma Avenue South, Tacoma WA 98402.

Jul 2, 2009 2:29 PM



09-2-10839-6   32386887   CICS   07-07-09

## SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY
### CASE COVER SHEET / CIVIL CASES

Case Title _____  Case Number __09-2-10839-6__
Atty/Litigant _Earl Solee_   Bar # ___  Phone ___
Address _6427 Motor Ave SW_
City _Lakewood_   State _Wa_   Zip _98499_

Please check one category that best describes this case for indexing purposes. If you cannot determine the appropriate category, please describe the cause of action below. This will create a Miscellaneous cause which does not require a Track Assignment Request form.
Presumed tracks are listed next to the cause codes. (Non PCLR and Rev 4 indicate no Track Assignment Request is required.)

**APPEAL / REVIEW**
___ Administrative Law Review (ALR 2) REV 4
___ Civil, Non-Traffic (LCA 2) REV 4
___ Civil, Traffic (LCI 2) REV 4
___ Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
___ Breach of Contract (COM 2) REV 4
___ Commercial Non-Contract (COM 2) REV 4
___ Commercial-Contract (COM 2) REV 4
___ Third Party Collection (COL 2) REV 4

**JUDGMENT**
___ Judgment, Another County (ABJ 2) Non PCLR
___ Abstract Only (ABJ 2) Non PCLR
___ Transcript of Judgment (TRJ 2) Non PCLR
___ Foreign Judgment Civil (FJU 2) Non PCLR
___ Judgment, Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
___ Death (TMV 2) STANDARD
___ Non-Death Injuries (TMV 2) STANDARD
___ Property Damage Only (TMV 2) STANDARD

**TORT / NON MOTOR VEHICLE**
___ Other Malpractice (MAL 2) COMPLEX
___ Other Tort (TTO 2) COMPLEX
___ Property Damage (PRP 2) STANDARD
___ Wrongful Death (WDE 2) STANDARD
___ Personal Injury (PIN 2) STANDARD
___ Products Liability (PIN 2) STANDARD
___ Asbestos (PIN 2) STANDARD

**PROPERTY RIGHTS**
___ Condemnation (CON 2) STANDARD
___ Foreclosure (FOR 2) REV 4
___ Property Fairness (PFA 2) STANDARD
___ Quiet Title (QTI 2) STANDARD
___ Unlawful Detainer / Eviction (UND 2) REV 4
___ Unlawful Detainer / Contested (UND 2) REV 4

**OTHER COMPLAINT OR PETITION**
___ Compel/Confirm Bind Arbitration (MSC2) REV 4
___ Deposit of Surplus Funds (MSC 2) REV 4
___ Interpleader (MSC 2) REV 4
___ Subpoenas (MSC 2) REV 4
___ Victims' Employment Leave (MSC 2) REV 4
___ Wireless Number Disclosure (MSC 2) REV 4
___ Injunction (INJ 2) REV 4
___ Malicious Harassment (MHA 2) Non PCLR
___ Meretricious Relationship (MER 2) REV 4
___ Minor Settlement/No Guardianship (MST2) REV 4
___ Pet for Civil Commit/Sex Predator (PCC2) REV 4
___ Property Damage Gangs (PRG 2) REV 4
___ Seizure of Property/Comm. of Crime(SPC2) REV 4
___ Seizure of Prprty Reslt from Crime(SPR2) REV 4

**TORT / MEDICAL MALPRACTICE**
___ Hospital (MED 2) COMPLEX
___ Medical Doctor (MED 2) COMPLEX
___ Other Health Care Professional (MED2) COMPLEX

**WRIT**
___ Habeas Corpus (WHC 2) REV 4
___ Mandamus (WRM 2) REV 4
___ Review (WRV 2) REV 4
___ Miscellaneous Writ (WMW 2)

**MISCELLANEOUS** _Stop Exxon Payments to Plaintiff_



FILED
IN COUNTY CLERK'S OFFICE

A.M. JUL -2 2009 P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR COUNTY OF PIERCE

Earl Solie                    NO.      09 2 10839 6

      Plaintiff

VS

Faegre & Benson                SUMMONS ON COMPLAINT
2200 Wells Fargo Ctr
90 S. Seventh St.              TO IMMEDIATELY STOP ALL
Minneapolis, Minn. 55402       PAYMENTS ON DISTRIBUTION OF
                               EXXON VALDEZ OIL SPILL FUNDS
                               AS RELATED TO SALMON PERMITS
                               # SO3H62161R & SO4M 58157H

Lynn Sarko, Atty.
Keller Rohrback
POB. 21945
Seattle, Wa. 98111

TO DEFENDENTS LISTED ABOVE,

   A lawsuit has been started against you in the above entitle court by the Plaintiff. Plaintiff's claim is included with this summons.

   In order to defend against this lawsuit , you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after service of this summons, excluding the day of service (or within 60 days if this summon is served outside of the State of Washington), or a default judgment may be entered against you without notice. A default judgment is on where plaintiff is entitled to what he asks for because you have not responded.

Case 3:09-cv-00207-HRH    Document 1    Filed 10/13/09    Page 11 of 12

1. Plaintiff has made numerous requests for clarification of funds being dispersed by Defendants as they relate to this Salmon Permit No SO3H62161R.

2. Plaintiff's letter to the above mentioned Defendants (dated 5/6/9) specifically questions Mr. Mollberg's finding as it relates to the matrix he used in his interpretation of it.

3. Plaintiff feels he will lose considerable personal funds if corrections are not made.

4. Plaintiff has also notified U.S. District Ct., Judge Holland of this issue on 6/3/9.

5. Plaintiff feels he has no other direction to go and feels it is importance enough to pursue it in court if necessary.

WHEREFORE, plaintiff requests relief as follows:

1. Judgment against defendants is corrected to show that 60% of $15,076 or $9045.60 is designated to plaintiff.

2. All future funds awarded plaintiff also be awarded him at the rate of 60%.

3. Court costs and such other and further relief as the court deems proper.

DATED this 2nd day of July _____, 2009.

By *Earl Solie*

Earl Solie
Pro se


Earl Solie
6427 Motor Ave. SW
Lakewood, Wa. 98499
253-584-7884